### Brouwer vs. Cotheal.

Under the section of the statute providing that the books of transfer and the books containing the names of the stockholders in any incorporated company shall be open to the examination of every stockholder, for thirty days previous to any election for directors, a stockholder has a right not only to inspect a book containing the names of the stockholders, but to take memoranda or copies of the names. And if an officer of the corporation refuses to permit such memoranda or copies to be made, he incurs the penalty of $250 prescribed by the statute.

Error to the superior court of the city of New-York. Brouwer was president, and Cotheal a stockholder, in the East River Mutual Insurance Company. An election of directors was to be held on the 11th of May, 1846. On the 29th of April Cotheal applied at the office to see the books containing the transfers of stock and the names of stockholders. They were shown to him, and he commenced copying, when Brouwer closed the books, saying that Cotheal had no right to see any but his own name. On the next day Cotheal again called, and the books were handed

Brouwer v. Cotheal.

to him, but Brouwer refused to let him take memoranda, and he was only allowed to look at his own name.

Cotheal, for himself and the state, sued Brouwer for the penalty of $250 prescribed by the statute (1 *R. S.* 601, § 1) for refusing to exhibit the books of the corporation. The judge charged the jury that a stockholder had a right not only to inspect the books containing the names of stockholders, but to take memoranda, or copies of the names, and that Brouwer, by refusing to permit this, had incurred the penalty prescribed by the act. Verdict and judgment were rendered against Brouwer, and he brought a writ of error from that judgment.

*R. J. Dillon,* for the plaintiff in error.

*A. Thompson,* for the defendant in error.

*By the Court,* MITCHELL, J.   By 1 Revised Statutes, 601, § 1, the books of transfer of stock, and the books containing the names of stockholders, are to be open to the examination of every stockholder for thirty days previous to any election ; and if the officer having charge of the books refuses to *exhibit* the books, or to submit them to *examination,* he shall forfeit for every such offense the sum of $250. The examination is allowed to any stockholder, and is to be for a certain time before the election. The object, therefore, of the examination, is to aid the stockholder in relation to the election, and for any legitimate purposes connected with the election.   One of those would be that he should consult with the stockholders, and advise them as to the persons who should be elected.   For this purpose he should know not only that his name is registered, but also who are his associates and entitled to vote.   He has as much right to know who may be the legal voters, and to use any lawful influence with them, as the office holders have.   The statute requires to " be *open* to the examination of any stockholder," not the page containing his name, but the *books* containing the transfer of stock, and the books containing the *names* of the stockholders.   This requires that all the names of the stockholders shall be open to examina-

Brouwer *v.* Cotheal.

tion; for none are excepted. If the officer neglects to exhibit the books, or to submit them to examination, he is subject to the fine. The stockholder has therefore not only a right to have the books—the whole of them—exhibited to him, but also to have them submitted to his examination. The exhibition can only be completed by showing the contents of the books; not their outside merely. This shows that a greater right was conferred when they were also to be submitted for examination. A thing submitted to another is put under his control. And if submitted for examination it must be so much under his control that he can know, and remember, and report as to its contents. To do that on a mere list of names, it would be necessary to make notes, and it might be proper to copy the whole list. If commissioners are appointed to examine the books of a bank or other company, it could hardly be supposed that they could discharge their duty by looking at less than the whole; or by looking at them only, without also taking such notes as would enable them to know and state the result of their examination. For this purpose it would be necessary to make full notes of their contents.

It was supposed that the etymological meaning of the words " exhibit" and " examine" limited their meaning to the construction contended for by the defendant. If the derivation be from *examen*, a swarm of bees, it may be supposed to imply the industry and perseverance of the *bee*, and would then authorize a search as thorough as the most earnest could desire; and not only a search, but that the best part of that which is searched should be also carried off to be converted to a good and useful purpose.

The judgment should be affirmed with costs.